IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 3:01-cr-80 |
| ) | |
| JAMARIUS YANCEY ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's *pro se* motion and a motion filed by counsel on his behalf for resentencing pursuant to the retroactive amendment to the crack sentencing guidelines [docs. 58 and 61]. The government has responded [doc. 62], and a reply brief has been filed on behalf of the defendant [doc. 63]. The court also has received a modified presentence report from the United States Probation Office.

The defendant was sentenced on September 6, 2002, to 94 months in prison for distribution of more than fifty grams of crack cocaine. This sentence was based on a guideline range of 188-235 months (base offense level 35 and a criminal history category II), which was reduced upon the government's motion for a downward departure due to substantial assistance. According to the Bureau of Prisons, the defendant is scheduled for release on August 17, 2009.

Under the retroactive amendment to the crack guidelines, the defendant's new guideline range is 151-188 months (base offense level 33 and a criminal history category II). With a comparable departure (50%), the defendant's sentence would be 76 months.

After years of study of the powder and crack cocaine guidelines, the United States Sentencing Commission determined that the 100-to-1 drug quantity ratio "significantly undermines the various congressional objects set forth in the Sentencing Reform Act." *Report to Congress: Cocaine and Federal Sentencing Policy*, p. 8 (May 2007). In addition to "strongly" urging Congress to address the problem, the Commission formulated new guidelines for crack cocaine to "somewhat alleviate" the "urgent and compelling" problems associated with the old guideline ranges. *Id.* at 9. The Commission recognized that the amended guidelines were "only a partial remedy" to 100-to-1 drug quantity disparity. *Id.* The court concludes, based on the Commission's findings, that the amended guidelines should be implemented absent a compelling reason to not do so.

The government admits that the new crack sentencing guidelines apply in this case, but argues that a further reduction in the defendant's sentence is not appropriate in light of the relevant factors listed in 18 U.S.C. § 3553(a). The government argues that the defendant's possession of firearms at the time of his arrest, which resulted in a two-level increase in his base offense level, should preclude a reduction in his sentence. In response, the defendant contends that

the firearms were taken into consideration at the time of his sentencing, and denying the crack cocaine reduction based on those same firearms is not proper. This court agrees with the defendant's argument. He already received a two-level increase for the firearms, and it is not necessary to further punish the defendant for possession the firearms by denying him the benefit of the new crack cocaine guidelines. Also, the court notes that the defendant's criminal history does not reflect any history of violent behavior other than a sexual battery offense that occurred when he was sixteen years old. In fact most of his criminal history is related to traffic offenses, except an "Unlawful Possession of a Firearm" charge in 1997.

The government also argues that the defendant should not benefit from the new crack cocaine guidelines because he needs training and other correctional treatment which he might receive during his remaining time in prison. The defendant argues that he has been in prison for 5 ½ years and he will have five years of supervised release, so the Bureau of Prisons has had an opportunity to train and treat him up to now and he will receive further training and treatment while on supervised release.

The court finds that the defendant's sentence should be refigured and the new guidelines applied unless there are public safety considerations or there have been some subsequent actions by the defendant making it unreasonable to do so. See U.S.S.G. § 1B1.10, Comment. (n.1(b)). Other than

the firearms possessed by the defendant at the time of his arrest, which have already been taken into consideration, neither the government nor the probation office have advised the court of any such reasons in this case.

Therefore, it is hereby **ORDERED** that the defendant's motions for a reduction in his sentence based on the retroactive amendment to the crack guidelines is **GRANTED**, and the defendant's sentence is reduced to **76 months**. If this sentence is less than the amount of time the defendant has already served, the sentence is reduced to a "time served" sentence.  This Order shall take effect ten (10) days (day-for-day) from its entry in order to give the Bureau of Prisons time to process the release of the defendant.  It is further **ORDERED** that Except as provided above, all provisions of the judgment dated April 17, 2007, shall remain in effect.

ENTER:

    *s/ Leon Jordan*
United States District Judge